| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RAMON PABON | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>09-2070 |

Complaint for violation of Title 18, United States Code, § 666(a)(1)(B)

| NAME OF JUDGE OR MAGISTRATE<br>Honorable L. Felipe Restrepo | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>2007 | PLACE OF OFFENSE<br>Philadelphia, PA | ADDRESS OF ACCUSED (if known)<br>Philadelphia, PA |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about November 20, 2007, RAMON PABON, an agent of the Philadelphia Records Department, which is an organization that received benefits of over $10,000 in a one-year period under a federal grant program, corruptly accepted and agreed to accept things of value, that is, approximately $2,000, intending to be influenced and rewarded in connection with a real estate transaction of the Philadelphia Records Department involving $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Jason Blake |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Federal Bureau of Investigation |

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE (1)<br>Honorable L. Felipe Restrepo, U.S. Magistrate Judge | DATE<br>12/16/09 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AFFIDAVIT

IN SUPPORT OF APPLICATION FOR ARREST WARRANT

I, Jason Blake, being duly sworn, depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been employed in this capacity since 2005. For approximately the past four years, I have been assigned to the FBI Philadelphia's Public Corruption Squad and have participated in at least 20 investigations of violations of, among other statutes, honest services fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1346, Hobbs Act extortion, in violation of 18 U.S.C. § 1951, and fraud/bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666. In May 2006, I attended a corruption seminar at Quantico, Virginia for experienced FBI agents. In addition, I have training and experience in investigating fraud crimes, including bank bribery and bank fraud, in violation of 18 U.S.C. §§ 215, 1014 and 1344.

2. This affidavit is submitted in support of an application for an arrest warrant for RAMON PABON. Based on the information outlined in this affidavit, as well as my training and experience, I have probable cause to believe that RAMON PABON has corruptly accepted things of value concerning a program receiving federal funding, in violation of 18 U.S.C. § 666(a)(1)(B). The information contained in this affidavit is personally known to me, has been provided to me by employees of the FBI, the Internal Revenue Service, Criminal Investigation Division, the Philadelphia Office of the Inspector General, the Philadelphia District Attorney's Office, and the Philadelphia Police Department, and has been obtained from witness statements and the review of records.

1

Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included all facts known to me concerning this investigation. I have set forth only those facts necessary to establish probable cause to believe that RAMON PABON corruptly accepted things of value concerning a program receiving federal funding, in violation of 18 U.S.C. § 666(a)(1)(B).

## PHILADELPHIA RECORDS DEPARTMENT

3. According to records from the City of Philadelphia, the City of Philadelphia Records Department received over $38,000 in federal grants in fiscal year 2007 (that is, from July 1, 2006, to June 30, 2007), and over $17,000 in federal grants during fiscal year 2008 (that is, from July 1, 2007, to June 30, 2008).

4. According to the Philadelphia Commissioner of Records, from at least January 1, 2003, to April 8, 2009, RAMON PABON was employed as a Title Registration Aide for the City of Philadelphia Records Department, Recorder of Deeds. According to the Philadelphia government website, the primary responsibility of the Records Department is to ensure that "Philadelphia's municipal records were appropriately controlled and managed." The Recorder of Deeds "is responsible for recording and/or filling of any legal instrument connected with title to real estate in the City of Philadelphia." According to the Commissioner of Records, PABON's duties as a Title Registration Aide included examination and recording of deeds and other documents presented to the Recorder of Deeds. Specifically, PABON's primary responsibility was to ensure that each deed related document complied with Philadelphia County's Document Recording Requirements. The Philadelphia County Document Recording Requirements consists of 16 required elements. After examining the documents to ensure compliance with the 16

required elements, PABON was responsible for finalizing the documents and recording them as official records within the Philadelphia County system. According to the Commissioner of Records, PABON is prohibited from preparing real estate deeds to be filed with the Records Department in connection with the transfer of real estate.

5. As a City of Philadelphia employee, on February 24, 2003, PABON signed an acknowledgment of receiving City of Philadelphia Executive Order 16-92 and Philadelphia Code Chapter 20-600, which set forth PABON's fiduciary duty to the City and County of Philadelphia to complete his job duties impartially and maintain integrity in City government. City of Philadelphia Executive Order 16-92 (replaced in 2004 by Executive Order 002-04) states: "No official or employee in the Executive and Administrative Branch shall solicit or accept, directly or indirectly, anything of value, including any gift, gratuity, favor, entertainment or loan, from any of the following sources: (a) A person seeking to obtain business from, or who has financial relations, with the City; ... or (e) A person whose interest may be substantially affected by the performance or nonperformance of the official's or employee's official duties." Section 20-604(1) provides a similar prohibition: "No member of Council or other City officer or employee shall solicit, [or] accept any gift, [or] loan . . . that might reasonably be expected to influence one in his position in the discharge of his official duties, from any person . . ." A gift is defined as a payment or anything of value.

6. Although PABON has acknowledged his receipt and review of the above referenced Executive Order and Code of Ethics, various witnesses, including those identified below, have informed the investigating agents that, during the period from at least 2003 to 2008, cash and checks were paid to PABON on numerous occasions so he would complete real

3

estate transactions in the Philadelphia area. PABON drafted and recorded deeds which transferred properties to these individuals, in violation of the Executive Order, the Code of Ethics, and Department of Records policy. My investigation has shown that in some instances in which PABON accepted cash in order to prepare and record deeds, some owners of the properties were victimized as they were unaware that their properties had been sold. The buyers paid PABON by cash and by check to complete the transactions. According to the Philadelphia Commissioner of Records, PABON did not disclose his role and financial interest in these real estate transactions.

## 6TH STREET REAL ESTATE TRANSACTION

7. The individuals listed below have been interviewed related to a real estate transaction involving a property on 6th Street, in Philadelphia, Pennsylvania, in 2007. In order to protect the privacy of these individuals, I have not listed the complete address of the property and I have referred to the individuals by their initials. Those individuals provided the following information:

8. According to AL, she had purchased a property located on 6th Street, Philadelphia, with the help of PABON at the Records Department. AL paid PABON $400 to prepare and record the deed. After AL bought the property, she realized that it had a lot of damage to it and that AL did not have enough money to fix it. AL called PABON and asked if he would help her sell the property. PABON agreed. Acting as a middleman, PABON found a buyer who agreed to buy the property for $3,500. PABON gave AL the paperwork to sign to transfer the property. AL reported that, in connection with the sale, PABON gave AL $3,500 in cash for the property in approximately four installment payments.

4

9. I also spoke to FR, one of the parties on the other side of the 6th Street real estate transaction. According to FR, he had become familiar with RAMON PABON during previous visits to the Philadelphia Recorder of Deeds office. PABON spoke Spanish fluently and therefore would assist FR who spoke little English. Through PABON, FR learned that the property on 6th Street was for sale. FR's sister, MR, was interested in purchasing the property. FR, his sister, and his sister's husband negotiated with PABON to pay PABON $7,000 for the purchase of the property. According to FR, FR understood that the $7,000 included the price PABON charged to prepare and file the deed or PABON's sister had to pay more money in addition to the $7,000. FR gave PABON a check for $2,000 (Check No. 1212, dated November 20, 2007, referenced below), as the first installment payment. MR paid the remaining $5,000, plus possibly more, to PABON. PABON prepared the deed for the transfer of the property to MR.

10. According to the records from the City of Philadelphia Records Department, the deed transferring the property on 6th Street from AL to MR was signed on or about November 17, 2007. The records indicate that RAMON PABON filed the deed on or about December 24, 2007.

## PABON'S FINANCIAL RECORDS

11. A review of bank records for the joint Wachovia Bank account in the name of RAMON PABON and his wife has shown that the $2,000 check FR paid PABON to prepare and file the deed for 6th Street was deposited into the PABONs' bank account on or about November 20, 2007.

12. Further, according to the Forms W-2 issued by the City of Philadelphia to RAMON PABON and his wife, who is also an employee of the City Philadelphia, they earned a

5

total of $53,867.92 from the City of Philadelphia in 2007. However, according to their bank records, during this same year, RAMON and his wife deposited $68,909.66 and withdrew $71,227.13 from their joint bank accounts.

## SEARCH WARRANT

13. Special Agent Marita Gehan, IRS, Investigator Thomas Steel, Philadelphia Office of Inspector General, and I executed a search warrant at RAMON PABON's residence in Philadelphia, PA, on April 1, 2009. During the execution of the warrant, we found a number of deeds and other real estate related documents, such as recording information summaries, transfer tax certifications, blank deeds, agreements of sale, settlement statements, agreements of trust, declarations of trust, assignment of mortgage, mortgage satisfactions, notary seal requirements, birth certificates, death certificates, wills, Board of Revision of Taxes forms, and powers of attorney. The records found included a transfer tax certification for the property on 6th Street, and handwritten notes referencing AL and FR.

14. In addition, the computer at PABON's home was seized. Deeds for numerous properties were found on the computer. For 2006, 36 deeds were prepared and saved on the computer. In 2007, 32 deeds were prepared and saved on the computer. In 2008, 29 deeds were prepared and saved on the computer.

## RAMON PABON'S ADMISSION

15. Special Agent Gehan, Investigator Steel, and I interviewed RAMON PABON on April 1, 2009. During the interview, PABON admitted to preparing and recording deeds outside the scope of his employment with the City of Philadelphia Recorder of Deeds office. PABON also helped purchasers find the owners of the properties. PABON generally

prepared the transfer tax forms for the deed transfers too. After the paperwork was processed by the City, PABON delivered the completed deeds to the buyers.

16. PABON explained how he prepared the deeds. He obtained a copy of the most recent deed filed for the property at the Records Department. PABON indicated on the copy the prior owner, the new owner, and the purchase price. PABON then had the new deed typed and printed. PABON generally made the seller responsible for finding a notary. However, if the seller did not, PABON had two notaries who would notarize the deed without the seller being present.

17. PABON admitted to finding owners and preparing deeds for over 100 people. PABON charged and was paid a fee of $200 to $250 per property. This fee was in addition to the $156.50 fee an individual owed to record a deed with the City. PABON preferred that his fee was paid in cash and the $156.50 fee was paid by money order. PABON did not report the fee he collected from transferring properties.

18. PABON admitted that it was outside the scope of his employment with the City of Philadelphia to prepare and record deeds, and that it was a conflict of interest for him to prepare deeds for people while employed at the Recorder of Deeds office.

19. PABON further admitted to giving one individual the knowledge of how to prepare and file fraudulent deeds, and to assisting that individual in the filing of the fraudulent deeds.

## CONCLUSION

20. Based on the above information, I have probable cause to believe that RAMON PABON has illegally and corruptly acted as a representative of homeowners and purchasers, and accepted cash and checks in exchange for his official duties with the City of Philadelphia.

21. Based on the above information, I have probable cause to believe that the City of

Philadelphia Records Department was an organization that received over $10,000 in federal grants during fiscal years 2007 and 2008, under Title 18, United States Code, Section 666(b).

22. Based on my training and experience and the above information, I have probable cause to believe that on or about November 20, 2007, RAMON PABON, an agent of the Philadelphia Records Department, corruptly accepted and agreed to accept things of value, that is, approximately $2,000, intending to be influenced and rewarded in connection with a real estate transaction of the Philadelphia Records Department involving $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B).

JASON BLAKE
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me
this 16 day of December, 2009

HONORABLE L. FELIPE RESTREPO
U.S. Magistrate Judge