IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | HONORABLE JOEL H. SLOMSKY |
| v. | CRIMINAL NO. 10-00169-01 |
| RAMON PABON | |

**MEMORANDUM IN AID OF SENTENCING**

## INTRODUCTION

The Defendant, Ramon Pabon, through his attorney, Marc Neff, Esquire, submits the following Memorandum in order to aid the Court in Sentencing. The personal information contained herein has been obtained through in-depth interviews with the Defendant and members of his family. Additional information was obtained from the Government.

## HISTORY OF THE CASE

On March 19, 2010, a Three (3) Count Information was filed against Ramon Pabon, in the above-captioned matter. Mr. Pabon was charged with honest services fraud (18 USC §1343, 1346), bribery (18 USC §666(a)(1)(B)) and subscribing false tax returns (18 USC §7206(1)).

Pursuant to a previously negotiated plea agreement entered into between Ramon Pabon, and the United States Attorney for the Eastern District of Pennsylvania, the Defendant pled guilty on April 13, 2010. The agreement provided certain stipulations regarding the offenses and other relevant conduct. (Those stipulations are accurately recited in paragraphs 4(a)-(d) of the presentence report.)

Pursuant to the aforesaid plea agreement, Ramon Pabon, applied for permission to enter a plea of guilty to Counts One, Two, and Three of the Information. The Defendant's guilty plea was accepted by this Honorable Court.

**OFFENSE AND LEVEL OF INVOLVEMENT**

As of the preparation of this Sentencing Memorandum, the Defendant has received a copy of the United States Probation Office's Presentence Investigation Report and, along with counsel, has reviewed the report. The Defendant is aware of, and recognizes, that the Court will consider the advisory guidelines as the offenses involved occurred subsequent to November 1, 1987.

**SENTENCING**

Following *United States v. Booker*, 125 S. Ct. 738 (2005), the Court is urged to impose a sentence in accordance with 18 U.S.C. §3553(a), and should no longer presume that a sentence calculated pursuant to the United States Sentencing Guidelines is appropriate. Indeed, the correctly calculated Guidelines range is but <u>one</u> <u>factor</u> for the Court to consider in imposing sentence. Most significantly, the Court should impose a sentence "sufficient, *but not greater than necessary*" to comply with the purposes of punishment set forth in 18 U.S.C. §3553(a)(2).

Section 3553(a)(2) states that such purposes are:

    A.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.    to afford adequate deterrence to criminal conduct;
    C.    to protect the public from further crimes of the defendant; and
    D.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Pursuant to §3553(a), courts must also consider a number of other factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant", "the kinds of sentences available"; and the Guidelines. *Id.* At §3553(a)(1), (3), and (4). Under this new

sentencing regime, a court should consider all of the relevant sentencing factors, giving no more weight to one factor than to any other factor. The focus of the new regime is thus a sentence based on the whole person before the sentencing court, rather than simply the version of the person reflected in the numbers and grids of the Guidelines. To that end, this Honorable Court is urged to sentence Mr. Pabon on the basis of the entire portrait of him as presented in not only the presentence report, but also in the testimony presented at sentencing on his behalf as well as this memorandum.

The Probation Office has calculated the applicable Guidelines range and identified at least one ground for variance from that range. "Mr. Pabon is a Veteran of the United States Army. Mr. Pabon saw combat in Vietnam and received an Honorable Discharge on March 10, 1970. See USC §3553(a)(1)." (PSR ¶105). As discussed more fully below, we believe that the ground for a variance is well supported. As noted, infra, the defense contends that a second ground for a variance, mental health treatment, is warranted. Full consideration of the other factors outlined in §3553(a), including the fundamental idea that the sentence be sufficient, but not greater than necessary to serve the purposes of punishment, suggests that a far more lenient sentence is warranted here than the guidelines calculations would suggest.

A district court's discretion in sentencing is broad in nature. See United States v. Parker, 462 F.3d 273, 277-78 (3d Cir. 2006). At sentencing a district court must follow a three-step process: (1) Courts must continue to calculate a defendant's Guideline sentence precisely as they would have before Booker...; (2) In doing so, courts must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force...; (3) Finally, courts are required to exercise their discretion by considering the

relevant § 3553 (a) factors...in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines.  See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).  This language seems to clearly indicate that in the critical third step of the sentencing analysis, district courts must apply their own independent judgment to the sentence to be imposed in light of the sentencing factors, yet they do not need to pay heed to whether their judgment results in a sentence within the advisory Guideline range.  See United States v. Vampire Nation, 451 F.3d 189, 196 (3d Cir. 2006) ("the Guidelines are now only one factor among many which can influence a discretionary sentence.  Application of [an advance notice requirement for sentences outside the applicable Guideline range] would elevate the advisory sentencing range to a position of importance that it no longer can enjoy"); see also United States v. Coleman, 451 F.3d 154, 158 (3d Cir. 2006) ("the Guidelines' recommended range may be modified or disregarded by a district court upon consideration of the other sentencing factors Congress has identified in § 3553 (a)").

## **MENTAL HEALTH ISSUES**

The defendant suffers from Post Traumatic Stress Disorder (PSTD) first diagnosed shortly after his discharge from military service in Vietnam as well as a bipolar disorder. Following his discharge from the Army, the defendant, in 1975, was admitted to the Coatesville VA where he was treated with Thorazine for a "nervous condition". Bouts of periodic depression followed. For example, following the death of his autistic son in 2004, the defendant was treated for depression. As noted in the PSR ¶74, the defendant suffered a mental breakdown subsequent to the law enforcement search of his home in April, 2009. The Senior United States Probation Officer has confirmed the defendant's in-patient treatment at the Philadelphia Veterans Administration Medical Center. The defendant was in-patient from April 6, 2009 through April 21, 2009. Upon discharge from the VA, the defendant was diagnosed with bi-polar disorder. It seems abundantly clear from the Presentence Report that Mr. Pabon is in need of continued mental health treatment. By his own admission, the defendant suffers from PTSD, attention deficit disorder and attention deficit hyperactivity disorder.

As evidenced by the reports referred to in the presentence investigation report, the defendant is clearly in need of treatment. Pursuant to 18 USC §3553(a)(2)(D), the Court is urged to consider the need to provide medical care in determining the particular sentence to be imposed.

## **MILITARY SERVICE**

Shortly after his graduation from the Edward W. Bok Technical High School in June, 1967, The defendant entered the United States Armed Forces. The Department of Veterans Affairs has verified Mr. Pabon's United States Army Service from March 18, 1968 until he was Honorably Discharged on March 10, 1970. He saw combat duty in Vietnam from April 1, 1969, until his Honorable Discharge March 10, 1970. At discharge he was a rank of E4.

As noted in the Presentence Investigation Report, the effect of the experiences that the defendant had in Vietnam still impact him today. In the early 1970's, following his Honorable Discharge he was treated by the Veteran Administration Hospital (VA) and diagnosed with Post Traumatic Stress Disorder (PTSD) and a bi-polar disorder. The defendant continues to receive VA treatment for these mental health issues. As with many Vietnam Veterans, the effects of combat on a young impressionable 21 year old can be everlasting. It is respectfully suggested that the defendant's service to his country, in time of war, service that included risking his life in combat, be considered as a basis for a sentencing variance. Indeed, as noted in PSR ¶ 105 of the Presentence Investigation Report, this is identified by the Senior United States Probation Office as a factor that may warrant a sentence outside of the guidelines system.

**BIOGRAPHICAL SKETCH - RAMON PABON**

Ramon Pabon was born to Luciano and Beneita (nee Negron) Pabon in Vega, Puerto Rico, on October 19, 1947. His father was a janitor prior to his death from cancer in 1966. His mother died in 2002. Ramon has three siblings who reside in the Delaware Valley area. Since 1966, Ramon has been in a relationship with Deborah Cohen Pabon. They have five children, one of whom still resides at home.

Mr. Pabon graduated from Bok Technical High School in Philadelphia, Pennsylvania in 1967. Shortly thereafter, the defendant entered the United States Army where he served combat duty in Vietnam. The defendant held jobs from the time of his discharge up through 1996 when the defendant was hired by the City of Philadelphia. At his separation from employment, as a result of these charges, the defendant was a "Title Registration Aide 2" earning slightly less than $38,000.00 per year. His pension benefits are in the process of being terminated as a result of these charges. Based upon the presentence report, the defendant is virtually destitute. He spends his days babysitting for his three grandchildren so that his daughter and son-in-law do not have to pay for childcare and this enables them both to pursue full-time employment. The children are 7, 5, and 2 ½.

## **CONCLUSION**

The defendant, Ramon Pabon, respectfully submits this Memorandum in Aid of Sentencing for the Court's consideration along with the Pre-sentence investigation, the Government's Memorandum, testimony to be presented at the sentencing hearing. Mr. Pabon wishes the Court to know that he truly is remorseful for the offenses that he has committed. Mr. Pabon has been a hard working, productive member of society's work force since high school. He faithfully and honorably served his country in time of war. To this day, Mr. Pabon still suffers the ill effects of Post Traumatic Stress Disorder.

The federal charges which are before this Court, have taken a tremendous emotional toll upon Ramon Pabon. The period that has elapsed since the onset of this investigation, the uncertainty of his future, the public humiliation, and his personal shame and embarrassment have essentially destroyed Ramon's life. The search of his home resulted in a breakdown necessitating a two week in-patient hospitalization. Despite his emotional upheaval, he has tried to maintain his relationship with his wife and with his family. Ramon looks forward to a final resolution of his long and agonizing ordeal. He knows that he must pay whatever debt to society this Court deems just and appropriate and, he must go on with his life. She prays this Court will see the good that he has done in his life, recognize the depth of his illness and, impose a just and fair punishment.

The Court also is asked to consider the effect that these charges and subsequent _guilty_ plea has had and will continue to have upon his life. Ramon Pabon has resided in this area almost his entire life. His shame has been made known to his neighbors, friends, and family members. He has lost his job and will soon lose his pension.

Based upon all of the foregoing, the Presentence Memorandum, and all of the facts that have been made known to this Honorable Court from various sources, it is respectfully urged that the Court impose a sentence substantially below the advisory guideline range.  The Court is asked to recognize the defendant's deep remorse and the total effect of these charges and the subsequent plea of guilty.  He prays that the good that he has done throughout his life-time will weigh more heavily on the scales of justice than his transgressions.

        Respectfully submitted,


        /s/ Marc Neff
        MARC NEFF, ESQUIRE
        Attorney for the Defendant
        Ramon Pabon

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | HONORABLE JOEL H. SLOMSKY |
| v. | CRIMINAL NO. 10-00169-01 |
| RAMON PABON | |

**CERTIFICATE OF SERVICE**

I hereby certify that the original of the foregoing Memorandum was served upon the Honorable Joel H. Slomsky, United States District Judge, at United States Courthouse, 601 Market Street, Room 4000, Philadelphia, Pennsylvania, 19106, and copies were served upon Assistant United States Attorney, Sara Greib, Esquire, by Federal Express, at the Offices of the United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania, and upon Judy Hunt, Senior United States Probation Officer, 600 Arch Street, Suite 2400, Philadelphia, Pennsylvania  19106.

    /s/ Marc Neff
MARC NEFF, ESQUIRE
Counsel for Defendant
1818 Market Street
13th Floor
Philadelphia, PA 19103

DATED: _____